ON MOTION FOR REHEARING
DAUKSCH, Judge.
We withdraw our opinion of October 11, 1996 and substitute this opinion in its stead.
This is an appeal from an order denying appellant’s motion to enforce a final judgment. Pursuant to a 1991 judgment establishing appellant as the father of Jennifer Nicole Hoover, a proper birth certificate was issued showing appellant as the father and Stacey A. Leggett as the mother of the child, Jennifer Nicole Hoover. Upon inquiry to appellee, appellant later learned that a certified statement of final judgment of paternity, a form of appellee’s signed and sealed by the clerk of the circuit court, had been filed indicating the child’s name was Jennifer Nicole Leggett. Appellant filed a motion to enforce the 1991 judgment establishing him as the child’s father for the purpose of requiring the Office of Vital Statistics to correct its records. The trial court refused on the grounds that 1) the 1991 judgment contained a clerical error in which the child was mistakenly referred to as Jennifer Nicole Hoover; 2) the child’s name was Jennifer Nicole Leggett, as established by an amended birth certificate issued in 1989; and 3) there had been no legal action to change her name. Because the child’s surname, Hoover, was determined in the 1991 paternity action by a court of competent jurisdiction in accordance with section 382.013(6)(c), Florida Statutes (1991), and a birth certificate was issued showing that surname and showing appellant as the child’s father, we reverse. If the 1991 judgment obtained by HRS contained an error it was necessary for HRS to undertake to correct it. Because the judgment stands uncorrected, it must be given its legal effect. As noted by the trial court, there has been no legal action to change the child’s name. On remand, the trial court should direct the Office of Vital Statistics to amend its records, including any birth certificate issued, consistent with this opinion.
ORDER REVERSED; REMANDED.
HARRIS and GRIFFIN, JJ., concur.